IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KIMYETTA KING, | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 18-486 |
| CITY OF PHILADELPHIA, et al., | : | |
| Defendants. | : | |

ORDER

**AND NOW**, this _____ day of _____, 2018, upon consideration of Defendants City of Philadelphia and Sgt. Nancy Quinn's Motion to Dismiss, and any response thereto, it is hereby **ORDERED** that the Motion is **GRANTED**. All claims against Defendants City of Philadelphia and Sgt. Nancy Quinn are dismissed.

BY THE COURT:

_____
GENE E.K. PRATTER, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KIMYETTA KING, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 18-486 |
| | : | |
| CITY OF PHILADELPHIA, et al., | : | |
| | : | |
| Defendants. | : | |

**DEFENDANTS CITY OF PHILADELPHIA AND SGT. NANCY QUINN'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

Defendants City of Philadelphia and Sgt. Nancy Quinn file this Motion to Dismiss for Failure to State a Claim under Fed. R. Civ. Pro. 12(b)(6), seeking that all claims against them be dismissed. Defendants respectfully requests that this Court dismiss these claims brought against Defendants on the grounds more fully described in the supporting memorandum of law.

Respectfully Submitted,

CITY OF PHILADELPHIA
LAW DEPARTMENT

Date: March 6, 2018                BY:   s/ Benjamin R. Patchen
                                         Benjamin R. Patchen
                                         Assistant City Solicitor

1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KIMYETTA KING, | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 18-486 |
| CITY OF PHILADELPHIA, et al., | : | |
| Defendants. | : | |

### DEFENDANTS CITY OF PHILADELPHIA AND SGT. NANCY QUINN'S MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

Defendants City of Philadelphia and Sgt. Nancy Quinn submit this Memorandum of Law in Support of their Motion for to Dismiss for Failure to State a Claim under Fed. R. Civ. P. 12(b)(6). First, Plaintiff's 42 U.S.C. § 1983 claims brought against the City of Philadelphia should be dismissed because Plaintiff has not specifically identified a custom or policy of the City of Philadelphia that was the moving force behind any constitutional injury. Second, Count I should be dismissed against Defendant Sgt. Nancy Quinn because Plaintiff has failed to plead any facts to support the claim that any action was taken because of her race. Third, Plaintiff's Title VII claim brought against Sgt. Nancy Quinn should be dismissed because individual defendants cannot be held liable under Title VII. Fourth, Plaintiff's Title VII, Pennsylvania Human Relations Act (PHRA), and Philadelphia Fair Practices Ordinance (PFPO) claims should be dismissed because Plaintiff has failed to

administratively exhaust those claims. Finally, Plaintiff's retaliation claims should be dismissed because Plaintiff has failed to plead specific facts supporting her conclusory assertion that she engaged in protected activity.

I. FACTUAL SUMMARY[1]

Plaintiff is a female African American Police Officer who currently works in the Court Liaison Unit ("CLU") of the Philadelphia Police Department. Compl. ¶ 2. Defendant Sergeant Nancy Quinn is Plaintiff's supervisor at the CLU. Id. ¶ 5. Plaintiff has alleged, without further elaboration that Defendant Quinn singled out Plaintiff based on her race and treated Plaintiff less favorably than similar situated non-minority officers. Id. ¶ 13. Plaintiff also alleges that Defendants have retaliated against Plaintiff and other African American police officers for making complaints of discrimination. Id. ¶¶ 16 and 33.

Plaintiff has alleged that the Defendants discriminated and retaliated against her by: (1) assigning Plaintiff to a more difficult courtroom assignment; (2) refusing to assign an additional officer to work with Plaintiff; (3) refusing to transfer Plaintiff to a less demanding room; (4) requiring Plaintiff to "suggest" a partner to work with her; (5) punishing and harassing Plaintiff's peers for assisting Plaintiff; (6) denying Plaintiff's vacation request and (7) reprimanding Plaintiff. Id. ¶ 17.

Plaintiff has alleged that, based on these facts, Defendants have violated her rights to equal protection under the Fourteenth Amendment, Compl. ¶¶ 19-53, and

---

[1] For the purposes of this Motion to Dismiss, Defendant accepts the facts as pled by Plaintiff as true.

3

have violated Title VII, the PHRA, and the PFPO by intentionally discriminating against Plaintiff based on her race, creating a hostile work environment, and retaliating against them. Compl. ¶¶ 19-43.

## II. STANDARD OF REVIEW

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). In deciding a motion to dismiss, a court must determine whether the complaint "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id.

"The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Id. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. Further, "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 679.

## I. ARGUMENT

4

A. **PLAINTIFF'S 42 U.S.C. § 1983 CLAIM AGAINST THE CITY OF PHILADELPHIA FAILS BECAUSE PLAINTIFF HAS NOT IDENTIFIED A POLICY OR CUSTOM THAT VIOLATES PLAINTIFF'S CONSTITUTIONAL RIGHTS.**

Plaintiff fails to identify a specific custom or policy of the City of Philadelphia that was the moving force behind any alleged constitutional violations. Thus, Plaintiff fails to state plausible claims against the City for violations of Section 1983, and those claims should be dismissed.

Municipalities are generally immune from liability under 42 U.S.C. § 1983 except where the municipality's policy or custom was the moving force behind the constitutional violation. Watson v. Abington Twp., 478 F.3d 144, 155 (3d Cir. 2007). A policy exists "when a 'decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues an official proclamation, policy, or edict.'" Id. (citing Bielevicz v. Dubinon, 915 F.2d 845, 850 (3d Cir. 1990)). Custom requires that a plaintiff demonstrate that "a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law." Watson, 478 F.3d at 155. In either case, "a plaintiff must show that an official who has the power to make policy is responsible for either the affirmative proclamation of a policy or acquiescence in a well-settled custom." Id.

Further, the plaintiff bears the burden of providing evidence that the identified "policy or custom was the proximate cause of the injuries suffered." Watson, 478 F.3d at 155. "If…the policy or custom does not facially violate federal law, causation can be established only by demonstrat[ing] that the municipal action

5

was taken with 'deliberate indifference' as to its known or obvious consequences. A showing of simple or even heightened negligence will not suffice." Berg v. Cnty. of Allegheny, 219 F.3d 261, 276 (3d Cir. 2000).

Under Fed. R. Civ. P. 8(a)(2), a plaintiff must identify the specific custom or policy at issue. McTernan v. City of York, PA, 564 F.3d 636, 658 (3d Cir. 2009). "Mere assertion of an entitlement to relief, without some factual 'showing,' is insufficient[.]" Id. Moreover, where the custom or policy is not facially unconstitutional and, thus, requires proof of deliberate indifference on the part of the decisionmaker, a plaintiff must plead facts supporting an inference that such deliberate indifference exists. Id. at 658-59.

Plaintiff fails to identify any City of Philadelphia custom or policy that was the moving force behind any alleged constitutional violations. Nor does Plaintiff plead any facts supporting a finding of deliberate indifference on the part of a decisionmaker. Rather, the Complaint is replete with allegations specific to Defendant Quinn, not the City of Philadelphia or its decisionmakers. Compl. ¶¶ 19-33. Plaintiff has, therefore, failed to meet the pleading standards for municipal liability claims under Fed. R. Civ. P. 8, and this Court should dismiss those claims.

### B. PLAINTIFF'S 42 U.S.C. § 1983 CLAIM AGAINST SGT. QUINN FAILS BECAUSE PLAINTIFF HAS FAILED TO ADEQUATELY PLEAD THAT SIMILIARY-SITUATED NON-MEMBERS OF THE PROTECTED CLASS WERE TREATED MORE FAVORABLY

Plaintiff has failed to adequately plead a Section 1983 claim against Sgt. Quinn because she has failed to adequately plead that similarly-situated non-members of her protected class were treated more favorably or any other non-conclusory allegations to show that any action was taken against her because of her race.

Equal protection discrimination claims are evaluated under the same test as Title VII claims.  St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 506 n.1 (1993); Stewart v. Rutgers, State Univ., 120 F.3d 426, 432 (3d Cir. 1997).  A prima facie case of employment discrimination establishes that: (1) the plaintiff belongs to a protected class; (2) he was qualified for the position; (3) he was subject to an adverse employment action despite being qualified; and (4) either similarly-situated non-members of the protected class were treated more favorably or the adverse job action occurred under circumstances that give rise to an inference of discrimination. McDonnell Douglas Corp. v Green, 411 U.S. 792, 802 (1973); Sarullo v. United States Postal Serv., 352 F.3d 789, 797 (3d Cir. 2003).  Here, Plaintiff has failed to adequately plead that similarly-situated non-members of her protected class were treated more favorably.

Plaintiff's complaint must aver facts that, under the circumstances, give rise to an inference of discrimination.  Here, the only relevant allegation is that Defendant Quinn singled out Plaintiff based on her race and treated Plaintiff less

7

favorably than similar situated non-minority officers. This conclusory allegation fails to identify any police officers who were treated differently, and further fails to provide any factual allegations that show that the employees engaged in the same or similar conduct as Plaintiff and were treated differently.

To be "similarly situated" for purposes of an equal protection claim, the employees to whom the plaintiff compares himself must be similar to him in "all relevant respects" except membership in a protected class. Singh v. Wal-Mart Stores, Inc., No. 98-1613, U.S. Dist. Lexis 8531 at *9 (E. D. Pa. June 10, 1999); see also Miller v. Delaware Dep't of Probation and Parole, 158 F. Supp. 2d 406, 411(D. Del. 2001) (to establish "similarly situated" employee, plaintiff must show that the employment situation is nearly identical to those of employees whom he alleges were treated more favorably). In determining whether two employees are similarly situated, relevant factors include a showing that the two employees dealt with the same supervisor, were subject to the same standards, and had engaged in similar conduct without much differentiating or mitigating circumstances as would distinguish their conduct or the employer's treatment of them." McCullers v. Napolitano, 427 F. App'x 190, 195 (3d Cir. 2011) (quoting Radue v. Kimberly-Clark Corp., 219 F.3d 612, 617-18 (7th Cir. 2000)).

Because the Plaintiff has failed to plead any information about the comparators or their conduct, Plaintiff has failed to make out a prima facie case and her Section 1983 claim should be dismissed against Sgt. Quinn. Further, Plaintiff

8

has not alleged any facts that show that any action was taken against her because of her race.

### C. PLAINTIFF'S TITLE VII, PHRA, AND PFPO CLAIMS FAIL BECAUSE SHE HAS FAILED TO EXHAUST HER ADMINISTRATIVE REMEDIES.

Plaintiff did not plead that she exhausted her administrative remedies with respect to their Title VII, PHRA, and PFPO claims. Because Plaintiff must exhaust her administrative remedies with respect to these claims before requesting judicial relief, this Court should dismiss these claims.

To bring a suit under Title VII, the PHRA, or the PFPO, a plaintiff must first file a charge with the EEOC and the Pennsylvania Human Rights Commission. Barzanty v. Verizon PA, Inc., 361 Fed. Appx. 411, 413 (3d Cir. 2010); Vandegrift v. City of Phila., 228 F.Supp. 3d 464, 481 (E.D.Pa. 2017) (holding that PFPO claims are administratively exhausted when a plaintiff files a complaint predicated on the same facts with another administrative body). Any ensuing lawsuit is limited to the claims that are within the scope of that initial administrative charge. Id. at 413-14 (citing Antol v. Perry, 82 F.3d 1291, 196 (3d Cir. 1996)).

Plaintiff has failed to comply with the requirement that she exhaust her administrative remedies for the Title VII, PHRA, and PFPO claims prior to filing a lawsuit. Accordingly, this Court should dismiss those claims.

### D. PLAINTIFF'S TITLE VII CLAIMS AGAINST DEFENDANT QUINN FAIL BECAUSE INDIVIDUALS CANNOT BE LIABLE UNDER TITLE VII.

It appears that Plaintiff has brought Title VII claims against Defendant Quinn. Compl. ¶¶ 34-43. To the extent this is the case, individuals may not be held liable under Title VII, Sheridan v. E.I. DuPont de Nemours and Co., 100F.3d 1061, 1077 (3d Cir. 1996), and those claims should be dismissed.

### E. PLAINTIFF'S RETALIATION CLAIMS FAIL BECAUSE PLAINTIFFS HAVE NOT IDENTIFIED ANY PROTECTED ACTIVITY.

Plaintiff has pled Section 1983, Title VII, PHRA, and PFPO retaliation claims. Compl. ¶¶ 54-72. These claims fail because Plaintiff has not pled, beyond conclusory assertions, that that she engaged in protected activity. Therefore, this Court should dismiss Plaintiff's retaliation claims.

To state a prima facie case of retaliation under Title VII, a plaintiff must establish: "(1) she engaged in protected activity; (2) the employer engaged in conduct constituting an adverse action either contemporaneous with or after the protected activity; and (3) a causal connection between the protected activity and the adverse action." Jones v. SEPTA, 796 F.3d 323, 329 (3d Cir. 2015). "Protected activity for a retaliation claim includes 'not only an employee's filing of formal charges of discrimination against an employer but also informal protests of discriminatory employment practices, including making complaints to management.'" Sannoh v. Horizon House, Inc., No. 16-5233, 2017 WL 4167439, at

10

*3 (E.D.Pa. Sept. 20, 2017) (citing Daniels v. School Dist. of Phila., 776 F.3d 181, 193 (3d Cir. 2015)).

Plaintiff offers only boilerplate statements that, "Defendants have retaliated against Plaintiff and other African American police officers for making complaints of discrimination" and that Plaintiff has been punished "for her complaints of discrimination. . ." as support for her assertion that she engaged in conduct protected by Section 1983, Title VII, the PHRA, and the PFPO. Compl. ¶¶ 16 and 33.

First, these statement are nothing more than the type of conclusory assertion the Supreme Court has deemed insufficient to comply with the notice pleading standards set forth in the Federal Rules of Civil Procedure. Ashcroft v. Iqbal, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.") Plaintiff has not identified what action she took, when she took them, or the causal connection between those actions and the allegedly retaliatory conduct. Accordingly, this Court should dismiss Plaintiff's retaliation claims.

## VI.  CONCLUSION

Defendants City of Philadelphia and Sgt. Nancy Quinn respectfully request that this Honorable Court grant this Motion and dismiss all claims against them.

                                              Respectfully Submitted,

                                              CITY OF PHILADELPHIA
                                              LAW DEPARTMENT

Date:  March 6, 2018                    BY:   s/ Benjamin R. Patchen
                                              Benjamin R. Patchen
                                              Assistant City Solicitor
                                              Pa. Attorney ID No. 316514
                                              City of Philadelphia Law Dept.
                                              1515 Arch St., 16th Fl.
                                              Philadelphia, PA 19102
                                              (215) 683-5077
                                              Benjamin.patchen@phila.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KIMYETTA KING,** | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 18-486 |
| **CITY OF PHILADELPHIA, et al.,** | : | |
| Defendants. | : | |

## CERTIFICATE OF SERVICE

I hereby certify that on the date below, the foregoing Motion to Dismiss and Memorandum of Law has been filed electronically and is available for viewing and downloading.

                                                  Respectfully Submitted,

                                                  CITY OF PHILADELPHIA
                                                  LAW DEPARTMENT

Date:  <u>March 6, 2018</u>                        BY:  <u> s/ Benjamin R. Patchen </u>
                                                                 Benjamin R. Patchen
                                                                   Assistant City Solicitor