IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KIMYETTA KING, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 18-486 |
| | : | |
| CITY OF PHILADELPHIA, et al., | : | |
| | : | |
| Defendants. | : | |

ORDER

**AND NOW**, this _____ day of _____, 2018, upon consideration of Defendants City of Philadelphia and Sgt. Nancy Quinn's Motion to Dismiss, and any response thereto, it is hereby **ORDERED** that the Motion is **GRANTED**. All claims against Defendants City of Philadelphia and Sgt. Nancy Quinn are dismissed.

BY THE COURT:

_____
**GENE E.K. PRATTER**, J.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KIMYETTA KING,** | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 18-486 |
| | : | |
| **CITY OF PHILADELPHIA, et al.,** | : | |
| | : | |
| Defendants. | : | |

## DEFENDANTS CITY OF PHILADELPHIA AND SGT. NANCY QUINN'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

Defendants City of Philadelphia and Sgt. Nancy Quinn file this Motion to Dismiss for Failure to State a Claim under Fed. R. Civ. Pro. 12(b)(6), seeking that all claims against them be dismissed.  Defendants respectfully requests that this Court dismiss these claims brought against Defendants on the grounds more fully described in the supporting memorandum of law.

Respectfully Submitted,

CITY OF PHILADELPHIA
LAW DEPARTMENT

Date:  April 2, 2018                         BY:    s/ Benjamin R. Patchen
                                             Benjamin R. Patchen
                                             Assistant City Solicitor

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KIMYETTA KING, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 18-486 |
| | : | |
| CITY OF PHILADELPHIA, et al., | : | |
| | : | |
| Defendants. | : | |

## DEFENDANTS CITY OF PHILADELPHIA AND SGT. NANCY QUINN'S MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

Defendants City of Philadelphia and Sgt. Nancy Quinn submit this Memorandum of Law in Support of their Motion for to Dismiss for Failure to State a Claim under Fed. R. Civ. P. 12(b)(6).  Plaintiff's 42 U.S.C. § 1983 claim brought against the City of Philadelphia should be dismissed because Plaintiff failed to properly identify a custom or policy of the City of Philadelphia that was the moving force behind any constitutional injury. Second, her claim should be dismissed against Defendant Sgt. Nancy Quinn because Plaintiff has failed to plead sufficient facts to show that there was a hostile work environment because of her race and because the alleged hostile work environment was not "severe or pervasive."

## I.   <u>FACTUAL SUMMARY</u>[1]

Plaintiff filed her initial Complaint on February 5, 2018, where she alleged that the Defendants violated her rights to equal protection under the Fourteenth Amendment, violated Title VII, Pennsylvania Human Relations Act (PHRA), and Philadelphia Fair Practices Ordinance (PFPO) by intentionally discriminating against Plaintiff based on her race, creating a hostile work environment, and retaliating against her. <u>See generally Complaint</u>. On March 6, 2018, Defendants filed a Motion to Dismiss the Complaint for failure to state a claim. On March 20, 2018, Plaintiff filed an Amended Complaint, alleging only that the Defendants violated her rights to equal protection under the Fourteenth Amendment by subjecting her to a hostile work environment. <u>Amended Complaint</u>.

Plaintiff is a female African American Police Officer who currently works in the Court Liaison Unit ("CLU") of the Philadelphia Police Department. <u>Am. Compl.</u> ¶ 3. Defendant Sergeant Nancy Quinn is Plaintiff's supervisor at the CLU. <u>Id.</u> ¶ 5. Plaintiff has alleged that she suffered from a hostile work environment because of her race and that the hostile work environment violated her rights to equal protection under the Fourteenth Amendment. <u>Id.</u> ¶¶ 27-38.

Plaintiff has alleged that the Defendants subjected Plaintiff to a hostile work environment by: (1) assigning Plaintiff to a more difficult courtroom assignment; (2) refusing to assign an additional officer to work with Plaintiff; (3) refusing to transfer Plaintiff to a less demanding room; (4) punishing and harassing Plaintiff's

---

[1] For the purposes of this Motion to Dismiss, Defendant accepts the facts as pled by Plaintiff as true.

peers for assisting Plaintiff; (5) denying Plaintiff's vacation request and (6) reprimanding Plaintiff.  Id. ¶¶ 16-26.  Further, Plaintiff alleges that Defendant Quinn's conduct was so "severe and extensive, it qualifies as a custom and/or practice of the PPD's CLU."  Id. ¶ 15.

With respect to comparators, Plaintiff has also alleged that two white police officers are assigned to a less busy courtroom and work together.  Id. ¶ 16.

## II.   STANDARD OF REVIEW

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  In deciding a motion to dismiss, a court must determine whether the complaint "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id. (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007)).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  Id.  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id.

"The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."  Id. at 678.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not

4

suffice." Id.   Further, "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 679.

III.   **ARGUMENT**

    a.   **PLAINTIFF'S 42 U.S.C. § 1983 CLAIM AGAINST THE CITY OF PHILADELPHIA FAILS BECAUSE PLAINTIFF HAS NOT PROPERLY IDENTIFIED A POLICY OR CUSTOM THAT VIOLATES PLAINTIFF'S CONSTITUTIONAL RIGHTS.**

Plaintiff has only alleged that Defendant's Quinn creation of a hostile work environment was so severe that it qualified as a custom and/or practice of the Police Department's Court Liaison Unit.  Thus, Plaintiff fails to state plausible claims against the City of Philadelphia for violations of Section 1983, and those claims should be dismissed.

Municipalities are generally immune from liability under 42 U.S.C. § 1983 except where the municipality's policy or custom was the moving force behind the constitutional violation.  Watson v. Abington Twp., 478 F.3d 144, 155 (3d Cir. 2007). A policy exists "when a 'decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues an official proclamation, policy, or edict.'" Id. (citing Bielevicz v. Dubinon, 915 F.2d 845, 850 (3d Cir. 1990)).  Custom requires that a plaintiff demonstrate that "a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law." Watson, 478 F.3d at 155.  In either case, "a plaintiff must show that an official who has the power to make policy is responsible for either the affirmative proclamation of a policy or acquiescence in a well-settled custom." Id.

Further, the plaintiff bears the burden of providing evidence that the identified "policy or custom was the proximate cause of the injuries suffered." Watson, 478 F.3d at 155. "If…the policy or custom does not facially violate federal law, causation can be established only by demonstrat[ing] that the municipal action was taken with 'deliberate indifference' as to its known or obvious consequences.  A showing of simple or even heightened negligence will not suffice."  Berg v. Cnty. of Allegheny, 219 F.3d 261, 276 (3d Cir. 2000).

Under Fed. R. Civ. P. 8(a)(2), a plaintiff must identify the specific custom or policy at issue.  McTernan v. City of York, PA, 564 F.3d 636, 658 (3d Cir. 2009). "Mere assertion of an entitlement to relief, without some factual 'showing,' is insufficient[.]" Id.  Moreover, where the custom or policy is not facially unconstitutional and, thus, requires proof of deliberate indifference on the part of the decisionmaker, a plaintiff must plead facts supporting an inference that such deliberate indifference exists.  Id. at 658-59.

Plaintiff generally alleges that Defendant Quinn's creation of a hostile work environment qualified as a custom and or practice of the Police Department.  This conclusory allegation is insufficient to create liability on the City of Philadelphia without showing that a "decision maker" was responsible for the conduct or acquiesced to the conduct.  In determining the appropriate "decision maker," a court must determine which official has final, unreviewable discretion to make a decision or take an action. Andrews v. City of Philadelphia, 895 F.2d 1469, 1481 (3d Cir. 1990). The Third Circuit has determined that in the context of the Philadelphia

6

Police Department, the Police Commissioner is the policy maker. <u>Id.</u>  Further, the

Amended Complaint is replete with allegations specific to Defendant Quinn, not the

City of Philadelphia or the Commissioner of the Police Department.  <u>Am.</u> <u>Compl.</u> ¶¶

12-26.  Plaintiff has, therefore, failed to meet the pleading standards for municipal

liability claims under Fed. R. Civ. P. 8, and this Court should dismiss those claims.

**B. PLAINTIFF'S 42 U.S.C. § 1983 CLAIM AGAINST SGT. QUINN FAILS BECAUSE PLAINTIFF HAS FAILED TO MEET THE PLEADING REQUIREMENTS OF A HOSTILE WORK ENVIRONMENT CLAIM BECAUSE SHE HAS FAILED TO PROPERLY PLEAD THAT THE ACTIONS TAKEN AGAINST HER OCCURRED BECAUSE OF HER RACE, AND FAILED TO SHOW THAT THOSE ACTIONS WERE "SEVERE OR PERVASIVE"**

Plaintiff has failed to adequately plead a Section 1983 claim against Sgt.

Quinn because she has failed to adequately plead that similarly-situated non-

members of her protected class were treated more favorably or any other non-

conclusory allegations to show that any action was taken against her because of her

race.

Equal protection discrimination claims are evaluated under the same test as

Title VII claims.  <u>St. Mary's Honor Ctr. v. Hicks</u>, 509 U.S. 502, 506 n.1 (1993);

<u>Stewart v. Rutgers, State Univ.</u>, 120 F.3d 426, 432 (3d Cir. 1997).  To prevail on a

hostile work environment claim, Plaintiff must show that 1) the employee suffered

intentional discrimination because of race, 2) the discrimination was severe or

pervasive, 3) the discrimination detrimentally affected the plaintiff, 4) the

discrimination would detrimentally affect a reasonable person in like

circumstances, and 5) the existence of respondeat superior liability.  <u>Mandel v. M &</u>

Q Packaging Corp., 706 F.3d 157, 167 (3d Cir. 2013) (citation omitted).  Plaintiff has

failed to adequately plead that the majority of the actions taken against her were

because of her race, and the remaining allegations are not "severe or pervasive."

To be "similarly situated" for purposes of an equal protection claim, the

employees to whom the plaintiff compares himself must be similar to him in "all

relevant respects" except membership in a protected class.  Singh v. Wal-Mart

Stores, Inc., No. 98-1613, U.S. Dist. Lexis 8531 at *9 (E. D. Pa. June 10, 1999); see

also Miller v. Delaware Dep't of Probation and Parole, 158 F. Supp. 2d 406, 411(D.

Del. 2001) (to establish "similarly situated" employee, plaintiff must show that the

employment situation is nearly identical to those of employees whom he alleges

were treated more favorably).  In determining whether two employees are similarly

situated, relevant factors include a showing that the two employees dealt with the

same supervisor, were subject to the same standards, and had engaged in similar

conduct without much differentiating or mitigating circumstances as would

distinguish their conduct or the employer's treatment of them."  McCullers v.

Napolitano, 427 F. App'x 190, 195 (3d Cir. 2011) (quoting Radue v. Kimberly-Clark

Corp., 219 F.3d 612, 617-18 (7th Cir. 2000)).

Plaintiff's complaint must aver facts that, under the circumstances, give rise

to an inference of discrimination, or show that the hostile work environment

occurred because of her race.  Here, the only relevant allegation is that Plaintiff was

assigned to a more difficult courtroom assignment without the benefit of a partner,

while two white police officers were assigned to work together.  While Plaintiff has

also alleged that she was not allowed to transfer to a less demanding room, that Defendant Quinn punished and harassed Plaintiff's peers for assisting Plaintiff, that Defendant Quinn denied Plaintiff's vacation request and that Defendant Quinn reprimanded Plaintiff, she has failed to provide any non-conclusory allegations that show her race was a factor in any of those decisions.  For example, she has failed to identify any comparators who were treated different than her in those respects nor is there any non-conclusory allegation that Defendant Quinn took any action because of Plaintiff's race.

Even assuming that Plaintiff's allegation that she was assigned to a difficult courtroom occurred because of her race, this is insufficient to plead a hostile work environment because it fails to meet the "severe of pervasive" requirement. The "severe or pervasive" standard requires conduct that is sufficient "to alter the conditions of [the employee's] employment and create an abusive working environment." Moody v. Atlantic City Board of Education, 870 F.3d 206, 214 (3d Cir. 2017)(citing Meritor Sav. Bank, FSB v. Vinson, 477 U.S. 57, 67 (1986) (citation and internal quotation marks omitted).  The question of "whether an environment is sufficiently hostile or abusive must be judged by looking at all the circumstances, including the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." Clark Cty. Sch. Dist. v. Breeden, 532 U.S. 268, 270-71, (2001) (citation and internal quotation marks omitted). The stray allegations of a hostile work environment do not contain

any information about the frequency, nor allegations that there were any physically threatening or humiliating remarks, nor are there any allegations that the terms and conditions of Plaintiff's employment were affected at all.  For example, there are no allegations that her pay was affected all, nor are there any allegations that any disciplinary action was taken against her.

Because the Plaintiff has failed to show that the actions taken against her were because of her race and failed to show that the hostile working environment was "severe or pervasive," Plaintiff has failed to meet the pleading requirements of a hostile work environment claim and her Section 1983 claim should be dismissed against Sgt. Quinn.

### C.  PLAINTIFF'S AMENDED COMPLAINT SHOULD BE DISMISSED WITH PREJUDICE BECAUSE FURTHER AMENDMENT TO PLAINTIFF'S COMPLAINT WOULD BE FUTILE

Plaintiff's Amended Complaint should be dismissed with prejudice because allowing further amendment to Plaintiff's complaint would be futile.  "[I]n civil rights cases district courts must offer amendment – irrespective of whether it is requested – when dismissing a case for failure to state a claim unless doing so would be inequitable or futile." Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 252 (3d Cir. 2007).  An amendment is futile "if the complaint, as amended would not survive a motion to dismiss for failure to state a claim upon which relief could be granted." Smith v. NCAA, 139 F.3d 180, 190 (3d Cir. 1999) (citation omitted), vacated on other grounds 525 U.S. 459.  The District Court does not abuse its discretion by denying successive amendments where the party already

has had two chances to state a valid claim.  <u>See, e.g., Klein v. Autek Corp</u>., 147 Fed. Appx. 270, 278-79 (3d Cir. 2005).

Here, Plaintiff has already amended her complaint once.  Because Plaintiff has already had the opportunity to amend her complaint, and has failed to comply with the pleading requirements, further amendment would be futile and Plaintiff's Complaint should be dismissed with prejudice.

**IV.    CONCLUSION**

Defendants City of Philadelphia and Sgt. Nancy Quinn respectfully request that this Honorable Court grant this Motion and dismiss all claims against them.

<div style="margin-left:50%">

Respectfully Submitted,

CITY OF PHILADELPHIA
LAW DEPARTMENT

</div>

Date:  <u>April 2, 2018</u>                   BY:   <u>s/ Benjamin R. Patchen</u>
                                              Benjamin R. Patchen
                                              Assistant City Solicitor
                                              Pa. Attorney ID No. 316514
                                              City of Philadelphia Law Dept.
                                              1515 Arch St., 16th Fl.
                                              Philadelphia, PA 19102
                                              (215) 683-5077
                                              Benjamin.patchen@phila.gov

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KIMYETTA KING,** | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 18-486 |
| | : | |
| **CITY OF PHILADELPHIA, et al.,** | : | |
| | : | |
| Defendants. | : | |

## CERTIFICATE OF SERVICE

I hereby certify that on the date below, the foregoing Motion to Dismiss and Memorandum of Law has been filed electronically and is available for viewing and downloading.

Respectfully Submitted,

CITY OF PHILADELPHIA
LAW DEPARTMENT

Date: <u>April 2, 2018</u>          BY:   <u>s/ Benjamin R. Patchen</u>
                                      Benjamin R. Patchen
                                      Assistant City Solicitor