**MILDENBERG LAW FIRM**
Brian R. Mildenberg, Esq.
Attorney ID No. 84861
1735 Market St., Suite 3750
Philadelphia, PA 19103
215-545-4870
Fax: 215-545-4871
*Attorney for Plaintiff*

**SCHAFKOPF LAW, LLC**
Gary Schafkopf, Esq.
Attorney ID No. 83362
11 Bala Ave.
Bala Cynwyd, PA 19004
Fax: 888-238-1334
*Attorney for Plaintiff*

**WEISBERG LAW**
Matthew B. Weisberg, Esq.
Attorney ID No. 85570
L. Anthony DiJiacomo, III, Esq.
Attorney ID No. 321356
7 South Morton Ave.
Morton, PA 19070
610-690-0801
Fax: 610-690-0880
*Attorneys for Plaintiff*

### IN THE UNITED STATES DISTRICT COURT FOR THE
### EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **POLICE OFFICER KIMYETTA KING** : | |
| : | |
| **Plaintiff,** : | No. 2:18-cv-00486-GEKP |
| **v.** : | |
| : | **JURY TRIAL OF TWELVE (12)** |
| **CITY OF PHILADELPHIA** : | **DEMANDED** |
| **d/b/a PHILADELPHIA POLICE** : | |
| **DEPARTMENT** : | |
| 1515 Arch St, 16th FL : | |
| Philadelphia, PA 19102, : | |
| : | |
| And : | |
| : | |
| **SERGEANT NANCY QUINN** : | |
| Individually, and in her official capacity as a : | |
| Sergeant for the : | |
| PHILADELPHIA POLICE DEPARTMENT : | |
| 1515 Arch St, 16th FL : | |
| Philadelphia, PA 19102, : | |
| : | |
| **Defendants.** : | |

## SECOND AMENDED
## CIVIL ACTION COMPLAINT

Plaintiff, Police Officer Kimyetta King ("Plaintiff") brings this action against her employer, the City of Philadelphia doing business as the Philadelphia Police Department ("PPD"), and her supervisor Sergeant Nancy Quinn ("Defendant Supervisor") (collectively, the City and Sergeant Quinn are referred to herein as "Defendants").  Defendants have intentionally discriminated against Plaintiff and have created a racially hostile work environment in violation of the civil rights of Plaintiff under Federal and Pennsylvania State law.

I.      **JURISDICTION AND VENUE**

1.      Jurisdiction in this Honorable Court is based on a violation of Federal Law conferred by 28 U.S.C. § 1331 and 42 U.S.C. § 1981; supplemental jurisdiction over state law claims is granted by 28 U.S.C. § 1367.

2.      Venue is proper in this District as the events that give rise to the causes of action herein took place within this District.

II.     **PARTIES**

3.      Plaintiff, Kimyetta King is a female African American adult individual who is a Police Officer assigned to the Court Liaison Unit ("CLU") of the PPD and resides in the Commonwealth of Pennsylvania.  Plaintiff can be served care of her attorneys at the above-captioned address.

4.      Defendant, City of Philadelphia, doing business as the Philadelphia Police Department ("PPD"), is a municipality, duly organized and existing under the laws of the Commonwealth of Pennsylvania, with an address for service at the above captioned address. PPD meets the definition of employer as defined under Federal and Commonwealth laws.

5.

6.      Defendant, Nancy Quinn, is a Caucasian female adult individual who, at all times material herein, was employed as a Sergeant for the CLU of the PPD.  Defendant Supervisor is sued both individually and in her official capacity.

### III.    OPERATIVE FACTS

7.      At all times relevant hereto, Plaintiff and Defendant Supervisor were assigned to PPD CLU.

8.      Plaintiff is a member of a protected class, to wit: African American. Defendant Supervisor is Caucasian.

9.      Defendant Supervisor was Plaintiff's supervisor since in or around 2014.

10.     At all times relevant, Plaintiff performed her duties of employment in a satisfactory manner.

11.     Plaintiff has been with the PPD for approximately 21 years and has been assigned to the CLU for approximately 14 years.

12.     Upon information and belief, Defendant Supervisor was previously transferred from her assigned in the PPD's Vice Unit to CLU as a result of, or in part due to, complaints concerning Defendant Supervisor's racial discrimination against African-American police officers.

13.     Nonetheless, Defendant Supervisor continued her racial discrimination in the CLU, creating a racially hostile work environment by intentionally targeting and discriminating against Plaintiff and other African American police officers to such a severe degree that there is a crisis of racial discrimination in the CLU that is currently becoming increasingly hostile by the day.

14.     Defendant Supervisor deliberately and intentionally assigned Plaintiff, due to her race, to the most demanding and difficult courtroom assignment (in terms of volume of cases and

3

preparatory work) at the Philadelphia Criminal Justice Center, *without the benefit of a partner to share the workload.*

15.     As a comparator, Defendant Supervisor assigned two police officers, of comparable experience, to the *second* most demanding and difficult courtroom assignment (in terms of volume of cases and preparatory work) at the Philadelphia Criminal Justice Center; i.e. Police Officers Grace Gardener and Robert Lucini – who are Caucasians.

16.     On multiple occasions, Plaintiff requested Defendant Supervisor assign Plaintiff a partner, or in the alternative, assign Plaintiff to a different courtroom assignment. However, Defendant Supervisor continually and arbitrarily refused Plaintiff's requests.

17.     As a result, Plaintiff performed substantially more work than non-minority officers, including being forced to take work home with her multiple times per week while non-minority officers in the CLU *never* were forced to take work home with them. Likewise, Plaintiff suffered significantly more work-place stress and aggravation as a result of being assigned tasks that two Caucasian officers would have shared.

18.     Defendant Supervisor specifically singled out Plaintiff based on her race and treated Plaintiff less favorably than similarly situated non-minority officers, including, but not limited to Police Officers Grace Gardener and Robert Lucini.

19.     The aforementioned discrimination continued on a daily basis from 2014 through present.

20.     In or around February 2017, Defendant Supervisor filed a complaint against her supervisor, Lt. Marty Best, alleging that Lt. Best was inappropriately preventing her from punishing Plaintiff.

21.     As a result of the complaint, Defendant, City of Philadelphia temporarily re-assigned Defendant Supervisor while it investigated the complaint.

4

22.     During the course of PPD's internal investigation, Plaintiff's co-workers revealed that Defendant Supervisor systematically discriminated against various female African-American police officers, including non-parties, Taliban Snell, Karen Hughes, Najemma Wilson, Veverly Minor, and Aneesha Johnson, as well as against Plaintiff.

23.     Discovery of Taliban Snell, Karen Hughes, Najemma Wilson, Veverly Minor, and Aneesha Johnson statements under oath to PPD's internal affairs will reveal additional evidence of Defendant Supervisor's discrimination and Defendant, City of Philadelphia's acquiescence to such ongoing discrimination.

24.     In fact, Sargent Aneesha Johnson – a female African-American police officer - also has a lawsuit against Defendants alleging that Defendant Supervisor subjected her to a hostile work environment.

25.     Despite the overwhelming and credible testimony, in or around October 2017, Defendant, City of Philadelphia returned Defendant Supervisor to CLU; there, Defendant Supervisor remains Plaintiff's supervisor to date.

26.     Defendant, City of Philadelphia has actual knowledge of Defendant Supervisor's discrimination against multiple female, African American police officers (as well as the prior issues concerning Defendant Supervisor while she was assigned to Vice) yet returned the Defendant Supervisor to the CLU without taking any reasonable steps to prevent further discrimination; i.e., Defendant, City of Philadelphia's has demonstrated its deliberate indifference to the discrimination suffered by Plaintiff and others.

27.     Further discrimination has in fact occurred.

28.     In addition to ongoing assignment without a partner, Defendant Supervisor deliberately punishes and harasses Plaintiff's peers and colleagues who "assist" Plaintiff in performing her

overwhelming tasks, as well as any peers and colleagues who are friendly towards Plaintiff in the work environment.

29.     In fact, the work environment has deteriorated to the point that Plaintiff's peers and colleagues avoid socializing with Plaintiff in the workplace out of fear of being punished by the Defendant Supervisor if they are seen even acknowledging Plaintiff.

30.     Further, Defendant Supervisor has arbitrarily denied Plaintiff's previously-approved vacation requests. Upon information and belief, Defendant Supervisor has not arbitrarily denied previously-approved vacation requests of any non-minorities, such as Police Officers Grace Gardener and Robert Lucini.

31.     Further still, Defendant Supervisor has continually and arbitrarily reprimanded Plaintiff for violating non-existed policies and for occurrences that were not Plaintiff's fault. Upon information and belief, Defendant Supervisor has not arbitrarily reprimanded non-minorities for non-existed policies and for occurrences that were not their fault.

32.     For example, Defendant Supervisor requires Plaintiff to sit in the Courtroom until 2pm – even when Court concludes earlier in the day – while non-minority officers are allowed to leave their Courtrooms and congregate in the main office – *usually to watch a movie together until the shift ends*.

33.     Defendant Supervisor has created such an intolerable environment that Plaintiff has sought counseling with the PPD's employee assistance program on numerous occasions and has required counseling to deal with the workplace discrimination and hostility.

34.     As Defendant, City of Philadelphia has actual knowledge of Defendant Supervisor's pervasive conduct against multiple African American police officers and has failed to take any

meaningful steps to prevent it, Defendant Supervisor's conduct qualifies as a custom and/or practice of the PPD.

IV. **COUNTS OF ACTION**

**COUNT I**
*Pursuant to 42 U.S.C. § 1981 via 42 U.S.C. § 1983*
**Hostile Work Environment**

35. Plaintiff incorporates by reference all prior paragraphs as if set forth at length herein.

36. As a result of Defendant Supervisor's actions as aforesaid, Defendant Supervisor denied Plaintiff the right to the same terms, conditions, privileges and benefits of her employment agreement with the PPD, in violation of 42 U.S.C. § 1981.

37. The aforesaid actions of Defendant Supervisor were not welcomed by Plaintiff.

38. Defendant Supervisor's denial to Plaintiff of the right to the same terms, conditions, privileges and benefits of her employment agreement with the PPD was motivated by Plaintiff's race.

39. Defendant Supervisor's conduct was so severe and/or pervasive that a reasonable person in Plaintiff's position would find Plaintiff's work environment to be hostile and/or abusive; in fact, Plaintiff's co-workers found Plaintiff's work environment to be hostile and/or abusive.

40. Plaintiff, as well as her co-workers, believed that Plaintiff's work environment was hostile and/or abusive due to Defendant Supervisor's conduct.

41. Defendant Supervisor's conduct, against multiple African American police officers, is so severe and extensive, it qualifies as a custom and/or practice of the PPD's CLU.

42. The custom and/or practice of the PPD's CLU to discriminate against African American police officers is actionable against the City of Philadelphia, a municipal entity, pursuant to 42 U.S.C. § 1983 as the City of Philadelphia had actual knowledge of the discrimination and took

no meaningful steps to prevent it; in fact, City of Philadelphia acquiesced to the ongoing discrimination by returning Defendant Supervisor to the PPD's CLU.

43.     As a further result of Defendant Supervisor's conduct, Plaintiff has suffered humiliation and embarrassment, emotional distress, as well as attorneys' fees and legal costs, for which Plaintiff is entitled to recovery.

44.     Defendant Supervisor's conduct and custom and/or practice exacerbated the work environment to the point of a crisis.

45.     Defendant Supervisor's conduct was intentional and committed with malice or reckless indifference, thereby warranting the imposition of punitive damages.

46.     Plaintiff is suffering and will continue to suffer irreparable injury as a result of Defendant Supervisor's conduct unless and until this Court grants the relief requested herein.

## V.     <u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff seeks damages and legal and equitable relief in connection to Defendant Supervisor's improper conduct and specifically prays that this Court grant the following relief to Plaintiff:

(a)     declaring the acts and practices complained of herein to be in violation of Sections 1981 and 1983;

(b)     enjoining and permanently restraining the violations alleged herein;

(c)     entering judgment against Defendants and in favor of Plaintiff in an amount to be determined;

(d)     awarding compensatory damages to make Plaintiff whole for all damages, past and future, which Plaintiff has suffered or may suffer as a result of Defendant Supervisor's improper conduct;

(e)     awarding compensatory damages for Plaintiff for past and future pain and

        suffering, emotional upset, mental anguish, humiliation, and loss of life's

        pleasures, which Plaintiff has and will continue to suffer as a result of

        Defendant Supervisor's improper conduct

(f)     awarding punitive damages to Plaintiff;

(g)     awarding Plaintiff such other damages as are appropriate under Sections 1981

        and 1983;

(h)     awarding Plaintiff the costs of suit, attorneys' fees; and

(i)     granting such other and further relief as this Court may deem just, proper, or

        equitable including other equitable and injunctive relief providing restitution

        for past violations and preventing future violations.

                                         Respectfully submitted,

**WEISBERG LAW**                         **SCHAFKOPF LAW, LLC**

 /s/ Matthew B. Weisberg                  /s/ Gary Schafkopf
Matthew B. Weisberg, Esquire             Gary Schafkopf, Esquire
Attorney Id. No.: 85570                  Attorney Id. No.: 83362
L. Anthony DiJiacomo, III, Esquire       11 Bala Ave.
Attorney Id. No.: 321356                 Bala Cynwyd, PA 19004
7 South Morton Ave.                      610-664-5200 Ext 104
Morton, PA 19070                         Fax: 888-238-1334
610-690-0801                             *Attorney for Plaintiff*
Fax: 610-690-0880
*Attorneys for Plaintiff*

**MILDENBERG LAW FIRM**

 /s/ Brian R. Mildenberg
Brian R. Mildenberg, Esq.
Attorney Id. No. 84861
1735 Market St., Suite 3750
Philadelphia, PA 19103
215-545-4870
Fax: 215-545-4871
*Attorney for Plaintiff*

9